REID & BROTHER, plaintiffs in error, *vs.* A. S. SPENCER, defendant in error.

1. When a case was tried, and a verdict rendered in favor of the plaintiff, and a motion was made for a new trial, and the Judge who heard the case went out of office before the motion was disposed of, and no brief of the evidence was agreed upon by the parties, or approved and certified by the Judge to be correct: *Held*, that the Judge who succeeded to the bench committed no error in refusing to grant a new trial.

2. A brief of the oral, and a copy of the written evidence, adduced in the Court below, must be embodied in the bill of exceptions, as certified by the Judge, or the case'will be dismissed on the hearing in this Court.

Motion to dismiss bill of exceptions, from Troup Superior Court. November Term, 1868.

Spencer sued Reid & Brother for certain money alleged to have been paid out by him at their request. They plead the general issue, etc. The jury found for Spencer. Counsel for Reid & Brother made a motion for a new trial upon the ground that certain rulings and charges of the Court were erroneous, and because the verdict was contrary to law, to the evidence, etc. These grounds were such as depended upon the evidence in the cause. This motion began, "a correct brief of the evidence having been filed and a motion for new trial made, plaintiff's attorney is ordered to shew cause," etc. Service of this motion was acknowledged, and it was filed in office on the 27th of November, 1868. Judge Collier was then presiding. He went out of office and was succeeded by Judge Pope. The motion came on for hearing before Judge Pope, and he refused a new trial, upon what ground does not appear by the record.

The counsel for Reid sued out their bill of exceptions, assigning that Judge Pope erred in overruling said motion on each of the grounds stated therein. In sending up the record the Clerk attached a copy of a paper headed "Brief of evidence," purporting to give all the evidence had on the trial, and also another paper purporting to be the testimony

of Spencer on said trial. To this second paper the Clerk had put the following remarks: "The above is a brief of testimony prepared by B. C. Ferrill, and returned to office by Judge Collier, with the other testimony in this cause. Judge Bigham suggested that it should not be certified and sent up, while Judge Ferrill claimed that it should accompany the remainder." These papers as shown by the record were not signed by counsel, nor had on either of them any approval by Judge Collier or Judge Pope, nor any entry of filing in office.

The bill of exceptions recited that this was "a motion for a new trial on the several grounds of error alleged in the rule *nisi* which was granted and which is of record with the brief of evidence" * * * * and counsel "refer to said rule *nisi* as a part of this bill of exceptions." But no part of the evidence was set out in the bill of exceptions and because it was not, counsel for Spencer moved to dismiss the bill of exceptions.

FERRILL, HAMMOND & BROTHER, for movant cited 1 *Kelly, Ga. R.,* 260; 2, 263; 3, 383; 7 *Ga. R.,* 263; 9, 546; 10, 1; 13, 495.

B. H. BIGHAM, B. H. HILL, for Reid & Brother.

BROWN, C. J.

1. The counsel for the respective parties in this case, agreed upon no copy of the evidence given in upon the trial. Each submitted a paper as part of the evidence. The Judge who tried the case went out of office without deciding between them, and returned the papers to the Clerk's office, without having revised and certified either of the bundles of file, as the evidence in the case.

At the next term of the Court, Judge Pope, who succeeded Judge Collier upon the bench, was asked to grant a new trial, which he refused. The ground upon which his Honor placed his decision does not appear by the record. But, in the shape in which the case comes up, we see no error in the judgment

refusing the new trial. The Judge presiding at the hearing of the motion could not know what the evidence was upon the former trial, and it was his duty not to interfere with the verdict without such knowledge.

2. We are obliged to sustain the motion to dismiss this case. No brief of the oral or copy of the written evidence, given in upon the trial, is embodied in the bill of exceptions, or annexed thereto as an exhibit, and identified by the Judge of the Court below as correct. The rule that requires this is a salutary one, without the enforcement of which, this Court will be greatly embarrassed in the decision of all cases of this character.

We have given elsewhere at this term more fully, the reasons for the enforcement of the rule. (See last case *ante.*) And after hearing the question argued more than once, we are satisfied that the rule we adhere to, is sustained by the former decisions of this Court, and is in conflict with no statute now of force in this State.

Under this rule, no part of the record should be embodied in, or attached to the bill of exceptions. But the copy of the evidence of file on the motion for a new trial, (which is no part of the record,) should come up with the bill of exceptions as part of it, and not with the record.

We will remark that neither the Code nor the rule of Court requires any more of the evidence to be sent up in any case, than is material to a clear understanding of the errors complained of. Generally in motions for new trial, all the evidence is necessary to a clear understanding of the case in this Court. But there are exceptions to this rule. Counsel should look well to it, however, that the case clearly falls within one of the exceptions, before they omit the evidence in making out the bill of exceptions. If the plaintiff in error excepts to the ruling of the Court upon a naked question of law, which was material to the case made in the Court below, which can be as well understood without reference to the evidence, as for instance, that part of the jurors who tried the case were not competent, and that the fact was not known to plaintiff in error till after the trial,

this would form an exception to the rule, as the evidence given in upon the merits of the case could be of no assistance in understanding the point made.

Let the writ of error be dismissed and the judgment of the Court below stand affirmed.

[NOTE.—Lawrence Rooney vs. John I. Grant & Co., from Muscogee, and B. H. Bigham vs. Nicholas Hutchins and John Billingslea, from Harris, were dismissed for the same reason. Motion having been made to dismiss Plant & Cubbedge vs. The Eufaula Home Insurance Company, from Bibb, and John W. Clarke vs. John T. Napier, from Houston, on the same ground, the records were withdrawn by counsel for plaintiffs in error. The same motion was made in L. G. Chambliss vs. O. Phelps, from Monroe, and in one or two other cases, but was overruled because they were not within the ruling of the Court.

James W. Wilkinson vs. Martha G. Christy, motion for new trial from Lee, was dismissed because counsel had agreed to have the cause argued here on the original evidence used below, and had not brought that evidence here.—REPORTER.]